UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

JULIA RAMIREZ and JOE RAMIREZ,

    Plaintiffs,

v.

CREDIT CONTROL, LLC,

    Defendant.

Case No.6:20-cv-01069

**NOW COME** JULIA RAMIREZ and JOE RAMIREZ, by and through their undersigned counsel, complaining of Defendant CREDIT CONTROL, LLC, as follows:

## NATURE OF THE ACTION

1.    Plaintiffs bring this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

2.    Congress expressly found that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).

3.    The FDCPA is a consumer protection statute designed to "eliminate abusive debt collection practices by debt collectors." *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 639 (7th Cir. 2014).

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5.    This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

1

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. JULIA RAMIREZ ("Julia") and JOE RAMIREZ ("Joe") (collectively, "Plaintiffs") are natural persons, over 18-years-of-age, who at all times relevant resided in Temple, Texas.

8. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

9. Plaintiffs are "consumers" as defined by Tex. Fin. Code Ann. § 392.001(1).

10. CREDIT CONTROL, LLC ("Defendant") is a limited liability company that maintains its principal place of business at 5757 Phantom Drive, Hazelwood, Missouri 63042.

11. Defendant is a debt collection agency that collects debts from consumers nationwide.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

14. A few years ago, Joe obtained a personal loan from Lending Club/WebBank ("Lending Club") in the approximate amount of $11,000.

15. Joe obtained the loan for personal and family purposes.

16. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

17. The subject debt is a consumer debt as defined by Tex. Fin. Code Ann. §392.001(2).

18. Due to financial hardship, Joe defaulted on the loan from Lending Club ("subject debt").

19. Upon information and belief, LVNV Funding LLC ("LVNV Funding") purchased the subject debt from Lending Club.

20. Upon information and belief, LVNV placed the subject debt with Defendant for collection.

21. In 2020, Plaintiffs started to receive phone calls from Defendant to their cellular phone numbers ending in 9393 (Joe's number) and 3426 (Julia's number).

22. During a call answered by Julia, Defendant advised Julia that it was calling on behalf of LVNV Funding to collect the subject debt.

23. During this phone call, Julia advised Defendant's representative that Plaintiffs were in the process of filing bankruptcy and provided their bankruptcy attorney's information.

24. Also during this phone call, Julia requested that Defendant stop calling Plaintiffs.

25. Despite Julia notifying Defendant that Plaintiffs were represented by counsel and requesting that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiffs.

26. Around November 10, 2020, during a collection call that Julia answered, Defendant demanded that Joe make a payment on the subject debt.

27. During this call, Julia again notified Defendant that Plaintiffs were represented by counsel and intended on filing bankruptcy.

28. In response, Defendant's representative checked the notes on file and advised Julia that the notes indicate that Plaintiffs were no longer represented by counsel.

29. Julia informed Defendant's representative that Plaintiffs are in fact represented by counsel and again requested that Defendant cease communications with Plaintiffs.

30. Despite multiple requests that Defendant cease its harassing collection calls, Defendant continued to place collection calls to Plaintiffs' cellular phones, including calls from the phone number 877-431-7784.

## DAMAGES

31. Defendant's abusive collection practices have severely disrupted Plaintiffs' daily lives and general well-being.

32. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiffs actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiffs' time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; diminished value and functionality of their cellular phones; the loss of battery charge; and the per-kilowatt electricity costs required to recharge their cellular telephones as a result of increased usage of their cellular phones.

33. Moreover, each time Defendant placed a phone call to Plaintiffs, Defendant occupied Plaintiffs' cellular phones such that Plaintiffs were unable to receive other phone calls or otherwise utilize their cellular phones while the phones were ringing.

34. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiffs retained counsel to file this action to compel Defendant to cease its abusive conduct.

## **CLAIMS FOR RELIEF**

### **COUNT I:**

### **Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**

#### a. Violations of FDCPA §1692c

35. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to [a] debt and has knowledge of, or can readily ascertain, such attorney's name and address. . ."

36. Defendant violated §1692c(a)(2) when it continued communicating with Plaintiffs after being notified that Plaintiffs were represented by an attorney and after Plaintiffs provided Defendant with their attorney's information.

#### b. Violations of FDCPA §1692d

37. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

38. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

39. Defendant violated §§ 1692d and d(5) when it placed collection calls to Plaintiffs' cellular phone numbers in an attempt to collect the subject debt after Plaintiffs requested that the calls cease.

40. Defendant's behavior of systematically calling Plaintiffs in an attempt to collect the subject debt was harassing and abusive.

41. Defendant's collection calls to Plaintiffs were made with the specific intent of annoying, harassing, and abusing Plaintiffs as demonstrated by the fact that Defendant continued placing harassing collection calls to Plaintiffs after Defendant was notified that Plaintiffs were represented by counsel.

42. Moreover, the fact that Defendant knowingly placed calls to Plaintiffs after Plaintiffs made numerous requests that the calls cease further illustrates Defendant's intent to harass and annoy Plaintiffs.

**WHEREFORE,** Plaintiffs requests that this Honorable Court enter judgment in their favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

   b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations of the Fair Debt Collection Practices Act;

   c. Awarding Plaintiffs their costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)

43. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

44. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

45. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiffs despite Plaintiffs' requests that the collection calls cease and despite knowing that Plaintiffs were represented by counsel.

46. Defendant's collection calls were made with the intent to harass Plaintiffs and designed to pressure Plaintiffs into making payment on the subject debt.

**WHEREFORE**, Plaintiffs request that this Honorable Court enter judgment in their favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4);

b. Enjoining Defendant from further contact with Plaintiffs pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiffs actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiffs reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: November 20, 2020                    Respectfully submitted,

**JULIA and JOE RAMIREZ**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiffs*
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com